UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Docket No.:
 DANIEL GARCIA,                                                                                20 Civ. 07801 (KPF)

                                 Plaintiff,

        -against-

EVANS DELIVERY COMPANY, INC., CENTURY     **SECOND AMENDED**
EXPRESS, A DIVISION OF EVANS DELIVERY        **COMPLAINT**
COMPANY, INC., KUEHNE & NAGEL, INC., and
DAVIDSON INDUSTRY SPA,

                                Defendants.
------------------------------------------------------------------------X

        Plaintiff, DANIEL GARCIA ("Garcia" or "Plaintiff"), by his attorneys, JON L. NORINSBERG, ESQ., PLLC, complaining of the defendants, respectfully states as follows:

## JURY DEMAND

1. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1332.

2. This Court has jurisdiction over the parties by reason of diversity of citizenship between the Plaintiff, a resident of New York, and the defendants, each a foreign corporation, and the amount in controversy, pursuant to 28 U.S.C. § 1332, exceeds $75,000.00.

## PARTIES

2. Plaintiff DANIEL GARCIA is an individual currently residing the County of the Bronx, in the City and State of New York.

3. Plaintiff GARCIA owns his own tractor-trailer, a 2004 Freightliner truck, bearing license plate number "722859459."

1

4. Defendant EVANS DELIVERY COMPANY, INC. ("EVANS"), was and still is a duly organized corporation existing under and by virtue of the laws of the State of Pennsylvania, with its principal place of business located at 100-110 West Columbia Street, Schuylkill Haven, PA 17972.

5. Defendant EVANS is a shipping company, and contracted with Plaintiff as an independent contractor to transport shipping containers.

6. Defendant CENTURY EXPRESS, A DIVISION OF EVANS DELIVERY COMPANY, INC. ("CENTURY") was at all relevant times and still is a corporation duly organized and existing under and by virtue of the laws of the State of Florida, with its principal place of business located at 1335 Rockledge Boulevard, Rockledge, Florida 32955.

7. Defendant CENTURY is a wholly owned subsidiary of defendant EVANS, with their website claiming that "Century Express is a division of Evans Delivery."[1]

8. Defendant CENTURY is a shipping company that contracted with Plaintiff as an independent contractor to transport shipping containers.

9. Defendant KUEHNE & NAGEL, INC. ("K & N") is a global transport and logistics company based in Schindellegi, Switzerland.[2] K&U's principal place of business in the United States is located at 4724 Entrance Drive, Charlotte North Carolina, 28273.

10. Upon information and belief, defendant K&U was the freight forwarder responsible for loading the shipping container designated as "TEMU666928."

---

[1] http://centuryevans.com/, last viewed on October 28, 2020

[2] https://en.wikipedia.org/wiki/Kuehne_%2B_Nagel, last viewed on October 28, 2020

11. Defendant DAVIDSON INDUSTRY SPA ("Davidson") was at all relevant times and still is a Chilean Sawmill, with its principal place of business located at 971 Carbonifera Avenue, Industrial Park Coronel, Chile.

12. Upon information and belief, Davidson was the company that produced the lumber and loaded the lumber onto shipping container TEMU666928

## STATEMENT OF FACTS

13. On June 19, 2020, plaintiff DANIEL GARCIA traveled to the Port of Newark Container Terminal to pick up Container/Trailer No. TEMU6669283.

14. Plaintiff GARCIA did so as an independent contractor for defendants EVANS and CENTURY.

15. Container/Trailer No. TEMU6669283 was a container owned, operated, maintained, controlled and/or leased by defendant EVANS.

16. Container/Trailer No. TEMU6669283 was a container owned, operated, maintained, controlled and/or leased by defendant CENTURY.

17. Container/Trailer No. TEMU6669283 was a container owned, operated, maintained, controlled and/or leased by defendant K & N.

18. Container/Trailer No. TEMU6669283 was a container owned, operated, maintained, controlled and/or leased by defendant DAVIDSON.

19. Plaintiff received Container/Trailer No. TEMU6669283 from the Port of Newark at approximately 3:00 PM on June 19, 2020.

20. Thereafter, plaintiff GARCIA drove his tractor, which now included Container/Trailer No. TEMU6669283 as its trailer, to a truck yard owned by defendants EVANS and CENTURY, located at 215 Avenue L, Newark, New Jersey, 12586 ("The Truck Yard").

21. Container/Trailer No. TEMU6669283 was secured to Plaintiff's 2004 Freightliner by a blue, 1995 Hyundai Trailer Bearing TN Registration "U459432," and Vin# "3H3C412S9ST014400."

22. Plaintiff left the tractor-trailer in the Truck Yard over the weekend, and on Monday, June 22, 2020, Plaintiff planned on delivering the trailer to American Lumber, Co. a company, located in Walden, New York.

23. On Monday, June 22, 2020, at approximately 8:00 AM, Plaintiff retrieved the tractor trailer from the Truck Yard, and started to drive to Walden, New York.

24. Unbeknownst to Plaintiff, Container/Trailer No. TEMU6669283 had been negligently, carelessly and improperly loaded by defendants, with the pallets being placed in a manner that made the entire container top-heavy and unstable.

25. As plaintiff GARCIA was driving, he took a turn at a slow rate of speed, approximately fifteen (15) to twenty (20) miles per hour.

26. The improperly loaded Container/Trailer No. TEMU6669283's caused the entire container to tip over, causing plaintiff's entire tractor-trailer to tip over and crash on its side.

27. The entire tractor trailer went on its side and slid down the road. (Ex. A, Photos).

28. Thereafter, plaintiff DANIEL GARCIA was rushed to the University Hospital, in Newark, New Jersey.

29. As a result of the forgoing, plaintiff DANIEL GARCIA sustained severe, painful personal injuries, including, but not limited to, serious injuries to his neck, back, arms, and head; was rendered sick, sore, lame and disabled and so remains; was confined to, home and bed; was prevented from attending to his usual duties and occupation as a truck operator, resulting in substantial loss of earnings and impairment of future earning capacity; has lost and will continue to lose the enjoyment

of life, and was obliged to seek and receive medical care and attention and will hereafter necessarily seek further medical care and attention in consequence of the injuries aforesaid, all to his damage in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Negligence)**

30. Plaintiff repeats and realleges each and every allegation set forth in the above paragraphs as if fully set forth herein.

31. The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligence of defendant EVANS in the ownership, operation, maintenance, management and control of the aforesaid Container/Trailer No. TEMU6669283.

32. The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligence of defendant CENTURY in the ownership, operation, maintenance, management and control of the aforesaid Container/Trailer No. TEMU6669283.

33. The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligence of defendant K & N in the ownership, operation, maintenance, management and control of the aforesaid Container/Trailer No. TEMU6669283.

34. The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligence of defendant DAVIDSON in the ownership, operation, maintenance, management and control of the aforesaid Container/Trailer No. TEMU6669283.

35. The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligent loading of Container/Trailer No. TEMU6669283 by defendant EVANS.

36. The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligent loading of Container/Trailer No. TEMU6669283 by defendant CENTURY.

37. The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligent loading of Container/Trailer No. TEMU6669283 by defendant K & N.

38. The aforesaid occurrence and the injuries and damages resulting therefrom were caused by reason of the negligent loading of Container/Trailer No. TEMU6669283 by defendant DAVIDSON.

39. By reason of the foregoing and the negligent acts and omissions of the defendants as aforesaid, plaintiff DANIEL GARCIA sustained severe, painful personal injuries, including, but not limited to, serious injuries to his back, head, and knees; was rendered sick, sore, lame and disabled and so remains; was confined to, home and bed; was prevented from attending to his usual duties and occupation as a home health aide, resulting in substantial loss of earnings and impairment of future earning capacity; has lost and will continue to lose the enjoyment of life, and was obliged to seek and receive medical care and attention and will hereafter necessarily seek further medical care and attention in consequence of the injuries aforesaid, all to his damage in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Negligent Hiring/Retention/Supervision/Direction)

40. Plaintiff repeats and realleges each and every allegation set forth in the above paragraphs as if fully set forth herein.

41. Defendant EVANS had a duty to ensure that the containers it operates and maintains are properly loaded and safe for transport. Defendant EVANS entered into an express

6

and/or implied duty to provide reasonably safe containers when Plaintiff was contracted to transport containers for defendant EVANS.

42. Defendant CENTURY had a duty to ensure that the containers it operates and maintains are properly loaded and safe for transport. Defendant CENTURY entered into an express and/or implied duty to provide reasonably safe containers when Plaintiff was contracted to transport containers for defendant CENTURY.

43. Defendant K & N had a duty to ensure that the containers it operates and maintains are properly loaded and safe for transport. Defendant K & N entered into an express and/or implied duty to provide reasonably safe containers when they provided shipping containers for transport.

44. Defendant DAVIDSON had a duty to ensure that the containers it operates and maintains are properly loaded and safe for transport. Defendant DAVIDSON entered into an express and/or implied duty to provide reasonably safe containers when they provided full shipping containers for transport.

45. The tipping over of an improperly loaded shipping container is a foreseeable result of negligence.

46. Defendant EVANS, negligently recruited, retained, directed, and supervised staff members and employees, and failed to ensure that its employees checked to make sure their shipping containers were safe for transport and that they were loaded properly.

47. Defendant CENTURY, negligently recruited, retained, directed, and supervised staff members and employees, and failed to ensure that its employees checked to make sure their shipping containers were safe for transport and that they were loaded properly.

48. Defendant K & N negligently recruited, retained, directed, and supervised staff members and employees, and failed to ensure that its employees checked to make sure their shipping containers were safe for transport and that they were loaded properly.

49.     Defendant DAVIDSON, negligently recruited, retained, directed, and supervised staff members and employees, and failed to ensure that its employees checked to make sure their shipping containers were safe for transport and that they were loaded properly.

50.     As a direct and proximate result, Plaintiff has suffered and will continue to suffer the injuries described herein.

51.     By reason of the foregoing and the negligent acts and omissions of the defendants as aforesaid, plaintiff DANIEL GARCIA sustained severe, painful personal injuries, including, but not limited to, serious injuries to his back, head, and knees; was rendered sick, sore, lame and disabled and so remains; was confined to, home and bed; was prevented from attending to his usual duties and occupation as a home health aide, resulting in substantial loss of earnings and impairment of future earning capacity; has lost and will continue to lose the enjoyment of life, and was obliged to seek and receive medical care and attention and will hereafter necessarily seek further medical care and attention in consequence of the injuries aforesaid, all to her damage in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff DANIEL GARCIA demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated:  New York, New York
        October 28, 2020

                                        Yours, etc.

                                        **JON L. NORINSBERG, ESQ., PLLC**

                                        _____
                                        Jon L. Norinsberg, Esq.
                                        *Attorneys for Plaintiff*
                                        110 East 59th Street, Suite 3200
                                        New York, New York 10022
                                        Telephone No.: (212) 791-5396